RICARDO ZAVALA, Plaintiff-Appellant, v. ST. REGIS PAPER COMPANY, Defendant-Appellee.

First District (4th Division) No. 1—91—3521

Opinion filed November 18, 1993.

Burke & Burke, Ltd., of Chicago (Dennis J. Burke, of counsel), for appellant.

John W. Bell, of Johnson & Bell, Ltd., of Chicago (Thomas H. Fegan and Mindy Kallus, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Ricardo Zavala, filed this action in the circuit court of Cook County seeking damages against defendant, St. Regis Paper Company, for an injury he sustained while cleaning a printing press at his place of employment. After trial, judgment was entered on the verdict, which the jury returned in defendant's favor. Plaintiff

appeals, contending that (1) the trial court improperly barred evidence of defendant's negligence and wrongly admitted evidence of its subsequent remedial practices, and (2) the verdict was against the manifest weight of the evidence.

We affirm.

On February 16, 1983, plaintiff severely injured his right hand while cleaning a Miehle offset printing press owned by his employer, Simpkins Industries, Inc. (Simpkins). Plaintiff originally filed a complaint against five defendants, including St. Regis Paper Company, which owned and modified the press prior to selling it to Simpkins. Three defendants were dismissed from the action and another was granted summary judgment. Defendant filed a third-party complaint against Simpkins that was later dismissed after entering into a settlement agreement with plaintiff.

On April 13, 1991, plaintiff filed a second amended complaint against defendant alleging it was negligent in failing to install certain safety devices after it modified the press. The facts adduced at trial reveal that when originally manufactured, the press could be operated in three modes. After defendant acquired the printing press, it installed a new motor and control to enable the press to operate in an additional mode, namely, crawl speed. In the crawl mode, which was developed to maintain proper ink-water balance on the press during periods of down time, the transfer cylinders rotated slower than in the three existing speeds. In 1979, one year after modifying the press, defendant sold its business and assets, including the printing press, to Simpkins.

At trial, Pedro Cruz and A.D. Douglas, two former employees of defendant and Simpkins, testified that defendant's employees cleaned the press while in the crawl mode, a procedure which involved wiping the transfer cylinders as they rotated. They further testified that this cleaning procedure continued after defendant sold the business to Simpkins. On cross-examination and over plaintiff's objection, Cruz testified that after plaintiff was injured, Simpkins employees were prohibited from cleaning the press while in the crawl mode. According to Cruz, Simpkins employees continued to clean the press in the crawl mode despite the prohibition because it took less time to do so than while in other modes.

Plaintiff's expert, William Heilman, testified concerning the modification of the printing press in question and various safety standards. Prior to the expert's testimony, however, the trial court granted defendant's motion to preclude the expert from testifying that defendant had violated the Occupational Health and Safety Act (OSHA) when it modified the press in 1978. The trial court reasoned

that during discovery, plaintiff's expert did not criticize defendant's conduct in modifying the press nor did he opine that defendant was negligent in doing so. During his testimony, Heilman stated that defendant violated American National Safety Institute standards when it installed the crawl speed on the press. Heilman further testified to several steps defendant could have taken when it modified the press to make it less hazardous. According to Heilman, defendant's modification of the press caused plaintiff's injury, which could have been prevented by the addition of proper safety controls.

Plaintiff testified that he began working for defendant in 1978, but did not begin working on the printing press until 1980 when Simpkins owned it. He stated he was taught to clean the press in the crawl mode and observed other Simpkins employees clean the press that way. Plaintiff never operated the press while in defendant's employ nor had he observed any of defendant's other employees clean the press. On the date of plaintiff's injury, he was cleaning the press as he had always done when his right hand became stuck between two cylinders.

Defendant called Simpkins employee Jose Lopez to testify. Lopez, who worked for defendant a couple of years before it sold the company to Simpkins, testified that while in defendant's employ, he was trained to clean the press in a mode other than the crawl mode. According to Lopez, he, like defendant's other employees, cleaned the press while in the crawl mode because it took less time. Lopez stated he never received any instructions from Simpkins on how to clean the press. He further stated that when Simpkins bought the press, its employees continued to clean the press in the crawl mode as they had done when employed by defendant.

Next, defendant's expert witness, Howard Seel, testified that the press was in compliance and reasonably safe when defendant sold it to Simpkins. Seel stated that defendant was neither negligent when it installed the crawl mode, nor required to install the interlock safety device when the press was modified. According to Seel, the press was equipped with certain control buttons, including a safety switch, which, if used properly, would have prevented plaintiff's injury.

At the close of the evidence, the jury returned a verdict in favor of defendant. The trial court entered judgment on the verdict and later denied plaintiff's post-trial motion. Thereafter, plaintiff filed this appeal.

Plaintiff challenges three evidentiary rulings of the trial court and claims, therefore, he is entitled to a new trial. Each alleged error concerns the trial court's rulings on the admissibility of certain evi-

dence. The admissibility of evidence is determined by the trial court, whose decision will not be disturbed unless there has been a clear abuse of discretion. (*Lundquist v. Nickels* (1992), 238 Ill. App. 3d 410, 428.) Bearing this in mind, we shall briefly consider each of the claimed errors.

Plaintiff contends that the trial court erred in barring his expert from testifying regarding OSHA standards. After reviewing the record, we note that plaintiff's expert was permitted to testify generally concerning OSHA standards, even though plaintiff chose not to present this evidence. Based on Supreme Court Rule 220 (134 Ill. 2d R. 220), however, the trial court barred the expert from testifying that defendant violated OSHA standards when it installed the crawl mode. We are unpersuaded by plaintiff's argument that the trial court's ruling was in error.

Supreme Court Rule 220 provides that an expert's trial testimony must be consistent with or within the fair scope of his opinions given in discovery proceedings. (134 Ill. 2d R. 220.) In *Zajac v. St. Mary of Nazareth Hospital Center* (1991), 212 Ill. App. 3d 779, this court reasoned that the trial court determines the sanction to impose for a violation of Rule 220, and its ruling will not be disturbed unless there has been a clear abuse of discretion. (*Zajac*, 212 Ill. App. 3d at 793-94.) There, we upheld the trial court's decision to bar expert testimony of an additional opinion not disclosed in the expert's deposition, because permitting the expert to testify concerning the additional opinion was violative of Rule 220. (*Zajac*, 212 Ill. App. 3d at 794.) We find our holding in *Zajac* persuasive here.

■ During discovery proceedings in the present case, plaintiff's expert opined that defendant had not provided the guards as required by OSHA standards. However, the expert never criticized defendant or stated it was negligent for failing to comply with OSHA. Moreover, the expert's criticism concerning the lack of compliance with OSHA was directed only at Simpkins and not toward defendant. Hence, we believe the trial court properly limited the expert's testimony to the opinions expressed in his deposition, and no abuse of discretion occurred. See *Ramos v. Pyati* (1989), 179 Ill. App. 3d 214, 228-29.

■ Plaintiff also contends that the trial court erred in granting defendant's motion *in limine* to preclude plaintiff from presenting evidence that defendant negligently allowed its employees to clean the press in the crawl mode. We note that despite the trial court's ruling, evidence that defendant's employees cleaned the press while in the crawl mode was presented at trial through plaintiff and defendant's former employees. We conclude, therefore, any error which resulted

from the trial court's ruling was harmless. Consequently, we find no clear abuse of discretion warranting a new trial.

■ Plaintiff further argues that the trial court erred in permitting defendant to introduce evidence of Simpkins' subsequent remedial practices. At trial, defendant presented evidence that following plaintiff's injury Simpkins prohibited its employees from cleaning the press while operating it in the crawl mode. In Illinois, it is well established that evidence of subsequent remedial measures is inadmissible to prove negligence, but may be admitted for other purposes. (*Schaffner v. Chicago & North Western Transportation Co.* (1989), 129 Ill. 2d 1, 14.) In the case at bar, defendant offered the post-occurrence evidence of a nonparty to demonstrate that its conduct was not a proximate cause of plaintiff's injury. (See *McLaughlin v. Rush-Presbyterian St. Luke's Medical Center* (1979), 68 Ill. App. 3d 546.) Hence, the evidence was properly admitted and we find no abuse of discretion.

Finally, plaintiff urges this court to reverse the judgment of the trial court, arguing that the jury's verdict was against the manifest weight of the evidence. Under this standard of review, a reviewing court may set aside a jury verdict only where a contrary verdict is clearly evident. (*Carney v. Smith* (1992), 240 Ill. App. 3d 650, 658.) However, the jury's determination should not be disturbed unless, after considering the evidence in the light most favorable to the prevailing party at trial, the reviewing court is convinced that the verdict is clearly wrong and is unsupported by the evidence. *Pharr v. Chicago Transit Authority* (1991), 220 Ill. App. 3d 509, 521.

■ After reviewing the evidence presented at trial, we are unpersuaded by plaintiff's argument that the jury's verdict was in no way supported by the evidence. Consequently, we hold that the jury's verdict was not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

CAHILL, P.J., and HOFFMAN, J., concur.